UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANET KENNEDY

VERSUS

POSTMASTER GENERAL

CIVIL ACTION

NO. 18-11-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on *Defendant's Motion to Dismiss* (Doc. 7) filed by Defendant the Postmaster General of the United States Postal Service ("Postmaster"). Plaintiff Janet Kennedy opposes the motion. (Doc. 15.) The Postmaster has filed a reply. (Doc. 16.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Defendant's motion is granted.

I. **Factual Background**

Plaintiff originally filed this suit on October 23, 2017 in the 23rd Judicial District Court, Parish of Ascension in the State of Louisiana naming the Postmaster General of the United States Postal Service as the sole defendant. (Doc. 1 at 1; Doc. 1-1 at 3 "Complaint".) The Postmaster subsequently removed this suit to this Court pursuant to 28 U.S.C. § 1442(a)(1) and 39 U.S.C. § 409(a) on January 5, 2018. (*See* Doc. 1 "Notice of Removal".) The complaint, filed by Plaintiff, a pro se litigant, provided little factual background and minimal detail of the alleged violations (Doc. 1-1 at 3.) In her one-page handwritten complaint, Plaintiff alleges "noncompliance of my disability and payment disputes regarding my FMLA account." (*Id.*) Upon Defendants' Motion to Dismiss, Plaintiff's Opposition raised an Americans with Disabilities ("ADA") and Family and

Medical Leave Act ("FMLA") claim, but Plaintiff provides almost no detail as to the alleged injury or disability suffered triggering these claims. (Doc. 15 at 1.)

In the instant motion, Defendant Postmaster General seeks to dismiss all of Plaintiff's claims under the ADA and FMLA for lack of subject matter jurisdiction due to the United States' sovereign immunity pursuant to Federal Rule of Civil Procedure 12(b)(1) and personal jurisdiction for insufficiency of process under Rules 4(i) and 12(b)(5). (Doc. 16 at 1.) Plaintiff responded to Defendant's Motion to Dismiss by reiterating earlier claims made in the complaint and providing an apparent time line of the alleged incidents in question. (Doc. 15.)

## II. Analysis

### A. Lack of Subject Matter Jurisdiction

#### 1. Rule 12(b)(1) Standard

Defendant seeks to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Motions filed pursuant to 12(b)(1) "allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Bailey v. Office of Unemp't Ins. Admin.*, No. 17-560, 2018 WL 2074185, at *1 (M.D. La. May 3, 2018) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "The burden of proof for a 12(b)(1) motion is on the party asserting jurisdiction." *Id.* (internal citations omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

"Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

## 2. Sovereign Immunity

Defendant maintains Plaintiff lacks subject matter jurisdiction over her ADA claim due to the United States' sovereign immunity. (Doc. 16 at 1.) Defendants notes: "The United States has not consented to be sued under the Americans with Disabilities Act; in fact, the ADA does not apply to federal agencies." (Doc. 16 at 2, citing 42 U.S.C. § 1211(5)(B)(i); *Hendrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).)

It is well settled that the United States and its agencies are immune from suit except where the United States has expressly consented to be sued. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998)). "Moreover, '[w]here the United States has not consented to suit or the plaintiff has not met the terms of the statute the court lacks jurisdiction and the action must be dismissed.'" *Rowan Court Subdivision 2013 Ltd. P'ship v. Louisiana Housing Corp.*, No. 15-870, 2017 WL 4018859, at *5 (M.D. La. Sept. 12, 2017) (quoting *Alabama-Coushatta Tribe of Tex.,* 757 F.3d at 488)(internal citations omitted). In addition, "Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *Rowan Court Subdivision 2013 Ltd. P'ship*, 2017 WL 4018859 at *5 (citing *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

Although the Postmaster only raised sovereign immunity as to the ADA claim, notably both the FMLA and ADA exclude the United States as an employer. 29 U.S.C. § 2611(B)(i) ("The

3

term 'eligible employee' [under the FMLA] does not include any Federal officer or employee…."); 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' [under the ADA] does not include the United States…"). Plaintiff has failed to allege any waiver of sovereign immunity as it pertains to either the FMLA or ADA claim, and therefore, failed to demonstrate that her claims are cognizable under the FMLA or ADA. Furthermore, Plaintiff has failed to prove "any set of facts in support of [her] claim that would entitle plaintiff to relief." *Ramming*, 281 F. 3d at 161 (citing *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010). Therefore, the Postmaster is immune from Plaintiffs' claims, and these claims should be dismissed pursuant to Rule 12(b)(1) without prejudice. *See Smith v. Booth*, 823 F.2d 94, 98 (5th Cir. 1987) (suit against federal entity was barred by sovereign immunity and district court was required to dismiss claims without prejudice for lack of jurisdiction); *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims bared by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.")

### B. Lack of Personal Jurisdiction

#### 1. Rule 12(b)(5) Standard

Even assuming the Court had subject matter jurisdiction, which it does not, Defendants also argue the Complaint should be dismissed for lack of personal jurisdiction pursuant to 12(b)(5) for insufficiency of service of process. "If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5)." *Furr v. City of Baker*, No. 15-426, 2017 WL 3496497 at *2 (M.D. La. Aug. 15, 2017) (citing Fed. R. Civ. P. 12(b)(5)). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro Transit Auth.*, 213 F.App'x 343, 344 (5th Cir. 2007).

"When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner." *Furr*, 2017 WL 3496497 at *2 (citing *Sys. Sign Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990)). Furthermore, "[t]he fact that the plaintiff is pro se does not excuse the failure to properly effect service of process." *Id.* (citing *System Signs Supplies,* 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir.2000) (unpublished opinion)).

### 2. Insufficient Service of Process under Rules 4(i), 4(m), and 12(b)(5)

Defendant contends Plaintiff failed to timely effectuate service of process under Rule 4(m). (Doc. 7-1 at 4.) Additionally, Defendant maintains that Plaintiff failed to direct the summons to the only named defendant; rather, the Plaintiff only provided "a copy of a single citation issued to Office of Federal Operations, the Equal Employment Opportunity Commission." (*Id.* at 2.) Further, Defendant contends the requirements of service of process detailed in Rule 4(i), providing specific service of process rules for the United States, were not met as "the record is devoid of any indication that the United States has been served with process…" or that service was properly mailed or delivered to the local United States Attorney's Office (*Id.* at 3-4.) Plaintiff neglected to address any of the insufficient service of process arguments in her Opposition Motion. (Doc. 15.)

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Fifth Circuit has held that

5

even if good cause for failure to serve does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (*see also* 4B C. Wright & A. Miller, *Federal Practice & Procedure* § 1137 (4th ed. 2018), "The text of Rule 4(m) also seems to authorize the district courts to extend the time period for service even in the absence of good cause…")).

To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period. *Traina v. United States,* 911 F.2d 1155, 1157 (5th Cir. 1990). Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Winters*, 776 F.2d at 1306 (quoting 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1165, at 480 (2d ed.)).

In addition, Rule 4(a)(1)(B) requires the summons be directed to the defendant. Fed. R. Civ. P. 4(a)(1)(B). Rule 4(b) requires a summons be issued for each named defendant. Fed. R. Civ. P. 4(b). Further, Rule 4(i) requires the party suing the United States must (1) either "deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought" or "send a copy by registered or certified mail to the civil-service process clerk at the United States attorney's office" and (2) "send a copy by registered or certified mail to the Attorney General of the United States at Washington, D.C.." Fed. R. Civ. P. 4(i)(1)(A)-(B). In addition, Rule 4(i)(2) governs service when an employee of the United States is sued in their official capacity, requiring the party "must serve the United States and also send a copy of the summons

and of the complaint by registered or certified mail, to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

The Court finds that proper service has not been effectuated upon the Postmaster in this case for three primary reasons. First, Plaintiff has failed to timely serve the defendant within the 90 days allotted by Rule 4(m) or provide any reason for their untimely service. Second, the record is devoid of a summons addressed to the Postmaster, a basic requirement for effective service of process. *See* Fed. R. Civ. Proc. 4(a)(1)-(2). Third, Plaintiff failed to comply with Rule 4(i)'s requirements. Although the Complaint indicates the Postmaster General was allegedly served via certified mail, the record fails to indicate that either the Attorney General or the local United States' Attorney's office has been served. (Doc. 1-1 at 24; *See also* Doc. 7-2, affidavit of Janice Jackson, an information receptionist in the Office of the U.S. Attorney for the Middle District of Louisiana, testifying after reviewing the service log that the U.S. Attorney's Office had not been served with this matter.)

Furthermore, Plaintiff has failed to overcome her burden required under 12(b)(5) by not addressing in her opposition the deficiencies of service or providing any good cause for failure to properly and timely serve. (*See* Doc. 15; *JMCB, LLC v. Bd. of Commerce & Indus.*, No. 17-77, 2018 WL 4039183, at *12 (M.D. La. Aug. 23, 2018) (stating that failure to respond to argument in motion to dismiss justifies dismissal of complaint, and collecting cases); *Robertson v. Gautreaux,* No. 16-341, 2017 WL 690542, at *6 (M.D. La. Feb. 21, 2017) (holding claims abandoned when not opposed in response to Motion to Dismiss)). Accordingly, in light of the fact that Plaintiff has failed to comply with Rules 4(a)(1)(B), 4(b), 4(i), 4(m), and 12(b)(5), all claims against the Postmaster are dismissed without prejudice. Plaintiff shall be granted leave to amend her complaint to state a cognizable claim and properly serve the required parties. *Millan v. USAA*

*General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) ("Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service.") Failure to do so within thirty (30) days of this Ruling will render her claims against the Postmaster dismissed with prejudice.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* (Doc.7) filed by Defendant the United States Postmaster General is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against the Postmaster are **DISMISSED WITHOUT PREJUDIC**E pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5), and that Plaintiff is given leave to state a cognizable claim against this defendant or any other proper party and properly effectuate service on such parties within thirty (30) days of this Ruling. Failure to do so will entitled this defendant to dismissal of all claims against them with prejudice.

Signed in Baton Rouge, Louisiana, on October 17, 2018.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**